## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAVID WELLES, Individually and as Representative of a Class of Similarly Situated Persons,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **Case No.** |
| **vs.** | ) ) ) | **FILED: AUG. 07, 2008** <br> **08CV4463** |
| **SPRINTCOM INC. and SPRINT SPECTRUM L.P., d/b/a SPRINT PCS GROUP,** | ) ) ) ) | **JUDGE KENNELLY** <br> **MAGISTRATE JUDGE DENLOW** |
| **Defendants.** | ) ) | **AEE** |

### NOTICE TO PLAINTIFF OF FILING OF NOTICE OF REMOVAL

To:     Phillip A. Bock
        James M. Smith
        Bock & Hatch LLC
        134 N. LaSalle Street, Suite 1000
        Chicago, Illinois 60602
        Phone:  (312) 658-5500
        Fax: (312) 658-5555
        Attorneys for Plaintiff

Please take notice that on the 7th day of August, 2008, Sprint Spectrum L.P. and SprintCom, Inc., named as defendants in the above-entitled cause, filed a Notice of Removal of Civil Action, a copy of which is attached hereto, in the United States District Court for the Northern District of Illinois.

You are also advised that after filing the Notice in the United States District Court for the Northern District of Illinois, Defendant also filed a copy with the Circuit Court of Cook County, Illinois, Chancery Division, to effect removal pursuant to 28 U.S.C. §§ 1441 *et seq.*

Respectfully Submitted,

BARACK, FERRAZZANO,
KIRSCHBAUM & NAGELBERG


*s/ Mark S. Bernstein*
MARK S. BERNSTEIN
200 West Madison Street, Suite 3900
Chicago, Illinois  60606
(312) 984-3214
(312) 984-3220 Facsimile

and

SHUGHART THOMSON & KILROY, P.C.
RUSSELL S. JONES, Jr.
Twelve Wyandotte Plaza
120 West 12th Street, Suite 1600
Kansas City, Missouri  64105
(816) 421-3355
(816) 374-0509 Facsimile

ATTORNEYS FOR DEFENDANTS
SPRINT SPECTRUM L.P. and
SPRINTCOM INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2008, a true and correct copy of the foregoing document was hand-delivered, to:

Phillip A. Bock
James M. Smith
Bock & Hatch LLC
134 N. LaSalle Street, Suite 1000
Chicago, Illinois 60602
Phone: (312) 658-5500
Fax: (312) 658-5555
Attorneys for Plaintiff
Attorney No. 44355


_s/  Mark S.  Bernstein_____
ATTORNEY FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAVID WELLES, Individually and as Representative of a Class of Similarly Situated Persons,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **Case No.** |
| **vs.** | ) ) | |
| **SPRINTCOM INC. and SPRINT SPECTRUM L.P., d/b/a SPRINT PCS GROUP,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

## CERTIFICATE OF FILING OF NOTICE OF REMOVAL
## IN STATE COURT AND PROOF OF SERVICE

**PLEASE TAKE NOTICE** that: (1) a Notice to State Court of Filing of Notice of Removal attaching a copy of the Notice of Removal of Civil Action and the pleadings and documents attached thereto was filed in the Circuit Court of Cook County, Illinois, Chancery Division in the action bearing Case No. 08CH20123 on the 7th day of August, 2008; and (2) a full and complete copy of the Notice to State Court of Filing of Notice of Removal and a Notice to Plaintiffs of Filing of Notice of Removal was sent via hand delivery to Phillip A. Bock, 134 N. LaSalle Street, Suite 1000, Chicago, IL 60602, on the 7th day of August, 2008.

BARACK, FERRAZZANO,
KIRSCHBAUM & NAGELBERG


s/ _Mark S. Bernstein_
MARK S. BERNSTEIN
200 West Madison Street, Suite 3900
Chicago, Illinois 60606
(312) 984-3214
(312) 984-3220 Facsimile

and

2354359.01

1

SHUGHART THOMSON & KILROY, P.C.
RUSSELL S. JONES, Jr.
Twelve Wyandotte Plaza
120 West 12th Street, Suite 1600
Kansas City, Missouri  64105
(816) 421-3355
(816) 374-0509 Facsimile

ATTORNEYS FOR DEFENDANTS
SPRINT SPECTRUM L.P. and
SPRINTCOM INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2008, a true and correct copy of the foregoing document was hand-delivered, to:

Phillip A. Bock
James M. Smith
Bock & Hatch LLC
134 N. LaSalle Street, Suite 1000
Chicago, Illinois 60602
Phone:  (312) 658-5500
Fax: (312) 658-5555
Attorneys for Plaintiff
Attorney No. 44355


*s/ Mark S. Bernstein*
ATTORNEY FOR DEFENDANTS

2354359.01

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAVID WELLES, Individually and as a Representative of a Class of Similarly Situated Persons,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | Case No. _____ |
| **vs.** | ) ) | |
| **SPRINTCOM INC. and SPRINT SPECTRUM L.P., d/b/a SPRINT GROUP,** | ) ) ) ) | |
| **Defendants.** | ) | |

## <u>NOTICE OF REMOVAL OF CIVIL ACTION</u>

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS AND TO PLAINTIFF HEREIN AND TO HIS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that pursuant to 28 U.S.C. §1441, *et. seq.*, Sprint Spectrum L.P. and SprintCom, Inc. (collectively "Sprint"), defendants in the above-entitled cause, hereby remove this action from the Chancery Division of the Circuit Court of Cook County, Illinois. Removal is based on 28 U.S.C. §§ 1332 and 1441, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), and authorized by 28 U.S.C. § 1453.

In support of such removal, defendants state as follows:

### BACKGROUND

1.     On or about June 4, 2008, Plaintiff David Welles ("Plaintiff"), on behalf of himself and others similarly situated, filed a Class Action Complaint ("Complaint") in the Chancery Division of the Circuit Court of Cook County, Illinois (the "State Court Action"). The State Court Action was assigned Case No. 08CH20123.

2.      Sprint was served with a copy of the summons and complaint on July 8, 2008. A copy of the Complaint and Summons are attached as Exhibit A. No other pleadings or orders have been filed in this action.

3.      Plaintiff is a citizen of the State of Illinois residing in Cook County, Illinois at all times relevant to the Complaint. Complaint ¶13. Further, Plaintiff has alleged an Illinois-only class. Complaint ¶12.

4.      Plaintiff alleges that Sprint failed to disclose, to plaintiff and members of the purported class, the proper remedy for avoiding dropped calls. Complaint ¶1. Plaintiff alleges that software upgrades available for Sprint wireless phones would have lessened the frequency of dropped calls, Complaint ¶23, but that Sprint concealed and failed to disclose the availability of such software upgrades, resulting in Plaintiff and other Illinois residents with Sprint wireless phones experiencing more dropped calls than they would have experienced otherwise. Complaint ¶9.

5.      Plaintiff also alleges that Sprint did not have an adequate system in place for refunded dropped calls and thus plaintiff and members of the purported class were damaged by being charged for rounded up minutes of lost calls and the cost of reconnecting dropped calls. Complaint ¶20.

6.      Based on these allegations, Plaintiff has asserted claims for common law fraud and violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1.

7.      Plaintiff brings claims on his own behalf and on behalf of a putative class of Illinois residents who (1) entered into a service agreement with Sprint for personal communications services (2) selected a telephone that qualified for software upgrades and (3) experienced dropped calls. Complaint ¶ 3 (Class Action Allegations).

8.    The Class Action Complaint seeks a variety of forms of relief, including:  (a) an order certifying the action as a class action; (b) injunctive relief; (c) monetary damages; (d) punitive damages; (g) attorneys' fees; (h) pre- and post-judgment interest; and (i) and costs and expenses incurred.  Complaint ¶ 47 (prayer for relief).  As a basis for damages, Plaintiff alleges that Sprint charged himself and members of the purported class for the cost of an entire minute as opposed to a partial minute when calls were dropped.  Complaint  ¶ 20.  Plaintiff also alleges that Sprint charged himself, and members of the purported class, the cost of additional minutes used to reconnect dropped calls.  *Id.*.

9.    SprintCom Inc. is a Kansas corporation with its principal places of business in Overland Park, Kansas and Reston, Virginia.  It is thus a citizen of the states of Kansas and Virginia.  28 U.S.C. § 1332(c)(1).  Sprint Spectrum L.P. is a Delaware limited partnership with its principal places of business in Overland Park, Kansas and Reston, Virginia.  Sprint Spectrum is owned in turn by Sprint Spectrum Holding Company, L.P and MinorCo, L.P., both Delaware limited partnerships with principal places of business in Virginia.

<u>STATUTORY REQUIREMENTS – CLASS ACTION FAIRNESS ACT</u>

10.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as amended by CAFA, in that this is a putative "class action" commenced after the effective date of CAFA.  Such an action may be removed to the United States District Court embracing the state court where the action was filed if (a) any member of the putative class is a citizen of a state different from any defendant, and (b) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  Complete diversity among parties is not required.  28 U.S.C. § 1332(d)(2)(A).

11.     CAFA applies to the State Court Action because it was commenced after the effective date of CAFA, *i.e.*, February 15, 2005. *See* Notes to 28 U.S.C. §§ 1332 & 1453 ("The amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act" (citing Pub. L. 109-2, § 9, 119 Stat. 14)).

12.     The State Court Action is a "class action" within the meaning of CAFA because it is a "civil action filed under" 735 ILCS 5/2-801–*i.e.*, Illinois' analog to Fed. R. Civ. P. 23 -- and a "rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a). Sprint denies, however, that this case could be certified as a class action, and expressly reserves its right to oppose any motion for class certification filed in this action.

13.     <u>Citizenship of Parties</u>.     The requisite diversity of citizenship exists under 28 U.S.C. §§ 1332(d)(2) and (d)(7). As stated above, SprintCom Inc. is a citizen of Kansas and Virginia. By contrast, the named plaintiff and all purported class members are citizens of the State of Illinois. Complaint ¶12 (Class Action Allegations). Thus, at least one of the Sprint defendants – SprintCom, Inc. -- is a citizen of states different from at least one class member, *i.e.,* David Welles.

14.     <u>Amount in Controversy</u>. It is the good faith belief of the Sprint defendants that there is more than $5 million in controversy in this action. Under 28 U.S.C. § 1332(d), as added by CAFA, the amount in controversy in a putative class action is determined by aggregating the amount at issue of the claims of all members of the putative class. 28 U.S.C. § 1332(d)(6). While Sprint denies that Plaintiff or any putative class member is entitled to recover in any amount, and specifically denies that Plaintiff or any putative class member is entitled to the relief in the various forms and amounts sought, the Complaint's allegation of a putative class and the

relief sought place an aggregate amount in controversy of more than $5,000,000 exclusive of interest and costs.

15.    Plaintiff has attempted to avoid federal court jurisdiction by pleading that the "matter in controversy is less than $5,000,000 exclusive of interest and costs." Complaint ¶ 12. In addition, plaintiff has purported to disclaim any recovery in excess of $5,000,000. *Id.* Plaintiff has not, however, filed a binding stipulation or affidavit in state court limiting recovery. Therefore, Plaintiff's disclaimer is ineffective to limit recovery or to prevent removal. *Locklear Elec. v. My Overhead Corp.*, 2007 WL 4225732 (S.D. Ill. 2007) ("The law of this Circuit is very clear that only a binding stipulation or affidavit filed in state court, not a mere disclaimer of jurisdictionally-sufficient damages in a complaint, is effective to reduce a plaintiff's damages below the jurisdictional minimum amount and thus block removal in diversity"); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 430 (7th Cir. 1997) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints"); *Buller Trucking Co. v. Owner Operator Independent Driver Risk Retention Group, Inc.*, 461 F.Supp.2d 768, 779-80 (S.D. Ill. 2006) (a disclaimer of a recovery in excess of the jurisdictional threshold is "not effective"); *Smith v. Pfizer, Inc.*, 2005 WL 3618319 at *3-4 (S.D. Ill. 2005) (same); *American Bankers Life Assurance Co. of Fla. v. Evans*, 319 F.3d 907, 908 (7th Cir. 2000) (mere allegations in a complaint that a claim does not exceed the jurisdictional minimum are "properly ignored" in valuing a claim); *Southern Illinois Beverage, Inc. v. Hansen Beverage Co.*, 2007 WL 3046273 at * 5 (S.D. Ill. 2007).

16.    Notwithstanding Plaintiff's disclaimer, the aggregate amount in controversy in this action exceeds $5 million, for several reasons. *First*, the amount of actual damages that Plaintiff seeks on behalf of the purported class exceeds $5 million.

a.    *Class Size.* Plaintiff defines his proposed class as

[a]ll persons in Illinois, who entered into a service agreement with Sprint PCS for personal communication services, selected a telephone that qualified for software upgrades, and experienced dropped calls.

Complaint ¶ 33.  Plaintiff has alleged that the class consists of "millions of persons who reside throughout Illinois."  Complaint ¶ 34(a) (class allegations).  There is no time limit stated, so the class as defined appears to include all persons in Illinois who have or had Sprint wireless service from late 1997 – when Sprint first launched such service in southern Illinois—to the present. And, because *all* wireless phones, at some point in time, qualify for software upgrades, it appears that the class includes all Illinois subscribers to Sprint's CDMA wireless – or PCS – system.

Sprint has reviewed its records to determine the number of Illinois subscribers on its PCS system since 1997, when it first offered service in Illinois.  According to Sprint's records, there have been *at least* 4,004,170 wireless network subscribers using the Sprint PCS network with either Illinois billing addresses or with Illinois phone numbers.  More specifically, as of July 22, 2008, there were 682,860 active, cancelled, suspended, or temporary subscribers with Illinois billing addresses in the Ensemble billing system primarily used by Sprint today.  (Exhibit B, Mannino Declaration).  And as of December 31, 2007, there were 610,634 active, and 2,710,676 cancelled, subscribers with Illinois phone numbers in the P2K billing system (which Sprint used primarily before it switched to Ensemble).  (Exhibit C, Bailey Declaration).  Adding the Ensemble figures (682,860) to the P2K figures (610,634 active plus 2,710,676 cancelled) yields a total of 4,004,170 persons who fit the first and second parts of the class definition.

b.    *Dropped Calls.* Plaintiff alleges that he "and Sprint's other customers" experienced dropped calls (Complaint, ¶'s 19, 20), that they "were required to use additional system minutes to reinitiate the dropped calls" (*Id.*, ¶ 20) and, "as a result, the

purported connection time for which Plaintiff and the other Sprint customers were charged exceeded the actual connection time during which the Sprint customer could actually communicate." (*Id.*, ¶ 21). It thus appears that Plaintiff is seeking on behalf of himself and the other class members damages for the cost of additional minutes they allegedly had to use to reconnect dropped calls.[1]

c.     Plaintiff testified in an earlier case that he experienced between 15 and 300 dropped calls per month. (Exhibit D, Welles Depo. pp. 99-100).[2] Plaintiff alleges that he is similarly situated, with respect to this claim, with members of the purported class. Complaint ¶ 34(b) (class allegations).

d.     The average length of time that subscribers stay with Sprint is, currently, 39 months. (Exhibit E, Declaration of Paul Hermon). Assuming that plaintiff in fact experienced between 15 and 300 dropped calls per month, and assuming his experience was representative of the class members as alleged, a common sense reading of the Complaint shows that Plaintiff is alleging that the members of the purported class – all 4 million of them – experienced *numerous* dropped calls.

e.     *Costs of Calls per Minute.* The vast majority of Sprint's wireless subscribers purchase fixed "buckets" of minutes each month, and pay "overage" charges for minutes used beyond the limits of each person's "bucket." Sprint has reviewed its records to determine the cost of minutes used in excess of a subscriber's allotted plan minutes. During the class period, Sprint has offered a variety of rate plans and fees for

---

[1] Sprint does not concede that this is the appropriate means to determine damages, but accepts, as it must, Plaintiff's pleading for the purposes of estimating the amount in controversy.

[2] Plaintiff gave deposition testimony in connection with a previous version of this litigation in state court on April 13, 2001. That case was dismissed for want of prosecution in May, 2008. Plaintiff subsequently refiled, initiating the present action.

overage minutes. Depending on the rate plan, these charges have ranged from $0.15 (back in 1998-99) to as high as $0.45 for each minute used over one's allotted plan minutes. Some plans instead charged $5.00 for 30 additional minutes.

      f.      Based on Sprint's subscriber numbers for Illinois and a common sense reading of the Complaint's allegations, the amount in controversy - just for actual damages – easily exceeds $5 million. There are more than 4 million persons in the purported class. Accordingly, each member would only have to seek *$1.25* in damages to exceed the $5 million threshold. This would require only 8-9 dropped calls over the entire average time an Illinois subscriber used Sprint's wireless service (39 months), even using Sprint's lowest charge for overage minutes of $0.15. Given Plaintiff's claim that he had between 15 and 300 dropped calls per *month*, a common sense reading of the complaint would teach that the other 4 million class members would have experienced at least 8-9 dropped calls in more than three years. If these 8-9 dropped calls were worth only $0.15 each, the amount in controversy exceeds $5 million. Obviously, if class members paid higher per-minute rates, it would take fewer – as few as *three* – dropped calls to set up a claim potentially worth $1.25 (at $.45 per minute, $1.35) each, or more than $5 million in the aggregate. *See, e.g., Fiore v. First American Title Ins. Co.*, 2005 WL 3434074 at * 3 (S.D. Ill. 2005) (noting that where there were as many as 8.6 million persons in the class, only a nominal recovery by each would exceed the jurisdictional amount, and plaintiff's efforts to limit damages to $5 million were not effective to prevent removal).

      17.     *Second*, Plaintiff requests an award of punitive damages. Complaint at 47 (prayer for relief). It is appropriate to consider punitive damages in determining the amount in

controversy where state law allows for such damages. *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir.1995); *see also Bell v. Preferred Life Assur. Society*, 320 U.S. 238, 240 (1943). For purposes of establishing the amount in controversy, punitive damages must be recoverable under state law. *Id.* If so, "the court has subject matter jurisdiction unless it is clear beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." *Id.* Illinois law allows recovery of punitive damages for claims of common law fraud. *See, e.g., Bates v. William Chevrolet/Geo, Inc.*, 785 N.E.2d 53 (Ill. App. 2003). Accordingly, Plaintiffs' request for punitive damages further demonstrates the amount in controversy exceeds $5,000,000.

18.    *Third*, Plaintiffs seek undefined "injunctive relief" against Sprint. Complaint ¶ 47 (prayer for relief). The expense of complying with prospective injunctive relief, and losses from compliance, are treated as part of the amount in controversy for purposes of removal under CAFA. *See In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599 (7th Cir. 1997). Sprint denies that Plaintiffs or the putative class would be entitled to any injunction in this lawsuit, or that Sprint engaged in acts that would warrant such relief, or that Plaintiff would not have an adequate remedy at law. But, if Plaintiff is granted an injunction, he will presumably request an order precluding Sprint from relying on its current mechanism for refunding dropped calls and requiring Sprint to inform all customers any time a software upgrade becomes available. The costs incurred by Sprint in complying with such an injunction could alone place more than $5,000,000 in controversy, exclusive of interest and costs.[3]

---

[3] Plaintiff also seeks attorneys fees under 815 ILCS 505/1. Complaint at 47. It is appropriate to consider attorney's fees incurred by the time of filing in determining the amount in controversy. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 765 (8th Cir. 2001). At this early stage, such fees are likely to be nominal, although Sprint expects plaintiff to ask for a substantial award of fees if he is successful in this action.

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

19.    Removal to Proper Court.  This Court is part of the "district and division" embracing the place where this action was filed – Cook County, Illinois.  28 U.S.C. § 1446(a).

20.    Removal is Timely.  Sprint's registered agent was served with the Summons and Complaint on July 8, 2008, a copy of which is attached hereto and included within Exhibit A.  Receipt of the Summons and Complaint was the first notice of the State Court Action or federal jurisdiction received by Sprint.  This Notice of Removal is being filed with the United States District Court for the Northern District of Illinois on August 7, 2008, within 30 days after receipt of the State Court Action Summons and Complaint by Sprint.

21.    Pleadings and Process.  Attached hereto as Exhibit A is a copy of all process, pleadings and orders served upon Sprint in the State Court Action.  See 28 U.S.C. § 1446(a).

22.    Notice.  Attached hereto as Exhibit F is a copy of the Notice of Removal to All Adverse Parties, which was promptly served upon Plaintiff's counsel and filed with the Clerk of the United States District Court for the Northern District of Illinois.  See 28 U.S.C. §§ 1446(a), (d).  Sprint will also file with the Clerk of the Chancery Division of the Circuit Court of Cook County, Illinois a Notice to State Court of Removal which will include a copy of all removal pleadings filed in this court.  The Certificate of Filing of Notice of Removal has been filed separately with this court, and a copy is attached hereto as Exhibit G.

23.    Consent to Removal.  Consent to removal is not required because the removing defendants are the sole defendants, and further because consent to removal is not required under CAFA.

24.    Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as amended by CAFA, and the claims are properly removed to this Court.

Respectfully submitted,


BARACK, FERRAZZANO,
KIRSCHBAUM & NAGELBERG


 *s/ Mark S. Bernstein*_____
MARK S. BERNSTEIN
200 West Madison Street, Suite 3900
Chicago, Illinois  60606
(312) 984-3214
(312) 984-3220 Facsimile

and

SHUGHART THOMSON & KILROY, P.C.
RUSSELL S. JONES, JR.
Twelve Wyandotte Plaza
120 West 12th Street, Suite 1600
Kansas City, Missouri  64105
(816) 421-3355
(816) 374-0509 Facsimile

ATTORNEYS FOR DEFENDANTS
SPRINT SPECTRUM L.P. and
SPRINTCOM INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2008, a true and correct copy of the foregoing document was hand-delivered, to:

Phillip A. Bock
James M. Smith
Bock & Hatch LLC
134 N. LaSalle Street, Suite 1000
Chicago, Illinois 60602
Phone: (312) 658-5500
Fax: (312) 658-5555
Attorneys for Plaintiff
Attorney No. 44355


_s/ Mark S. Bernstein_
ATTORNEY FOR DEFENDANTS

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

David Welles, individually and            )
as a representative of a class of similarly    )
situated persons,                         )
                                          )
                        Plaintiff,        )
                                          )
        v.                                )       08CH20123
                                          )
Sprint Spectrum L.P. d/b/a Sprint PCS Group    )
and SprintCom, Inc. d/b/a Sprint PCS Group,    )
                                          )
                        Defendants.       )

## CLASS ACTION COMPLAINT

Plaintiff David Welles ("Plaintiff"), individually and as a representative of a class of

similarly situated persons, for his Complaint against Sprint Spectrum L.P. d/b/a Sprint PCS

Group and SprintCom, Inc. d/b/a Sprint PCS Group (hereinafter collectively referred to as

"Sprint") states as follows:

### Preliminary Statement

1.    Plaintiff asserts claims for common law fraud and brings this action under the

Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and the

consumer fraud acts of each state in which either Defendant does business. Plaintiff seeks

classwide relief for Sprint's failure to disclose to its customers the proper remedy for avoiding

dropped calls.

2.    Dropped calls are calls that are involuntarily disconnected by the Sprint network.

3.    Each cellular phone Sprint sells to its customers is installed with software that

makes it compatible with the Sprint PCS network. When Sprint updates its network, however,

*Exhibit A*

the cellular phones it sold prior to the update become less compatible with the Sprint PCS network.

4.    Dropped calls result in part because the cellular phones Sprint sells to its customers become less compatible with the Sprint PCS network.

5.    At all relevant times, Sprint knew that a software upgrade to its customers' cellular phones would reduce the amount of dropped calls its customers' experienced.

6.    Rather than inform its customers of the remedy to the dropped calls problem, Sprint offered its customers a monetary settlement for dropped calls, but only if the Sprint customer contacted Sprint for the settlement.

7.    Each settlement method Sprint offered was insufficient and intentionally designed to discourage customers from actually using it.

8.    At all relevant times, Sprint only provided its customers with a telephone software upgrade if its customers discovered on their own that dropped calls were caused by the failure to upgrade software previously installed in the telephone and if their customers insisted upon the upgrade.

9.    Sprint, however, intentionally failed to provide its customers with adequate notice of and concealed information about the software upgrades and, as a result, Sprint customers experienced and continue to experience a higher frequency of dropped calls.

### Jurisdiction and Venue

10.    Jurisdiction is conferred by 735 ILCS 5/2-209 in that Sprint has transacted business, committed tortious acts related to the matters complained of herein and made or performed contracts substantially connected with this state.

11.    Venue is proper in this county pursuant to 735 ILCS 5/2-101 *et seq.* because Sprint has offices (in the form of retail stores) and is doing business in this county and because the transactions or parts thereof as alleged herein occurred in this county.

12.    Federal jurisdiction over this action does not exist because no federal question is asserted and the matter in controversy is less than $5,000,000 exclusive of interest and costs. Plaintiff expressly disclaims any recovery in excess of $5,000,000, exclusive of interest and costs. Plaintiff alleges an Illinois-only class. Plaintiff's state law causes of action are not federally preempted because those claims do not in any way address the regulation of rates and market entry for mobile telephone service. Plaintiff's state law causes of action mandate that this action be heard in an Illinois state forum.

### Parties

13.    Plaintiff Welles was at all relevant times a resident of Cook County, Illinois and is one of numerous class members who entered into service plans with Sprint to provide wireless personal communications service.

14.    Defendant SprintCom, Inc. d/b/a Sprint PCS Group is a Kansas Corporation doing business in Cook County, Illinois.

15.    Defendant Sprint Spectrum L.P. is a Delaware corporation that provides services to and, therefore, transacts business with residents of Cook County.

16.    Sprint advertises that it has a nationwide network to provide wireless personal communications service in 280 major metropolitan markets and its PCS coverage will eventually include a population of nearly 260 million users.

-3-

<u>Facts</u>

17.    On or about October 1999, Plaintiff entered into a service plan with Sprint. Plaintiff paid valuable consideration for Sprint to provide him with its personal communications services. Plaintiff selected Sprint and the Sprint PCS network based on Sprint's representation that Plaintiff, and any Sprint customers, could make and receive calls from anywhere within the Sprint PCS network.

18.    At the time Plaintiff entered into the Sprint service plan, no Sprint representative mentioned dropped calls and no Sprint representative informed Plaintiff of the appropriate remedy for reducing or eliminating dropped calls.

19.    Plaintiff began experiencing dropped calls shortly after he started using the Sprint PCS network.

20.    When Plaintiff and Sprint's other customers experienced dropped calls, the connection time for which customers were charged was rounded up to the next full minute. Plaintiff and the other Sprint customers then were required to use additional system minutes to reinitiate the dropped calls.

21.    As a result, the purported connection time for which Plaintiff and the other Sprint customers were charged exceeded the actual connection time during which the Sprint customer could actually communicate.

22.    Plaintiff complained to Sprint about the occurrence of dropped calls. Sprint's response to complaints was to refund Plaintiff and other customers for the dropped calls each month based upon the number of dropped calls experienced during the billed month. Sprint, however, refunded Plaintiff for dropped calls only if he contacted Sprint and asked for the refund.

-4-

23.    On each occasion that Plaintiff sought a refund from Sprint, Sprint failed to disclose that a free software upgrade would reduce, if not eliminate, dropped calls.

24.    On or after March 1, 2001, Sprint changed its method of refunding Plaintiff and its other customers for dropped calls.

25.    Sprint did not adequately inform Plaintiff or its other customers of the change until after it was implemented.

26.    When Plaintiff and other Sprint customers sought a refund under the only method with which they were familiar, Sprint refused to refund them under that method.

27.    Because Sprint failed to adequately notify Plaintiff and its other customers of its new method of issuing refunds for dropped calls, Plaintiff and other Sprint customers were never issued refunds and, thus, were damaged.

28.    Sprint's dropped call refund system it implemented on or after March 1, 2000 required Plaintiff and each Sprint customer to dial *2 on the cellular phone after each dropped call and follow the prompts. The process was and continues to be long and ineffective, and it provides Sprint customers with inadequate refunds.

29.    During the ensuing several months, Sprint failed to disclose that a software upgrade would reduce, if not eliminate, dropped calls.

30.    Because Sprint failed to adequately notify Plaintiff and its other customers of the software upgrade available to them, Plaintiff and other Sprint customers continued to experience increased dropped calls and, thus, were damaged.

31.    On or after September 2000, Sprint, through a Sprint PCS store employee and agent, informed Plaintiff that he could reduce the number of dropped calls by obtaining a software upgrade on his phone.

32.    After receiving the software upgrade, Plaintiff experienced a dramatic reduction in the number and frequency of dropped calls.

### Class Allegations

33.    Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of the following class of persons ("Class"):

> All persons in Illinois, who entered into a service agreement with Sprint for personal communications services, selected a telephone that qualified for software upgrades, and experienced dropped calls.

34.    A class action is proper in that:

(a)    on information and belief, the Class consists of millions of persons who reside throughout Illinois only and, thus, is so numerous that joinder of all members is impracticable;

(b)    there are questions of fact or law common to the Class, which common questions predominate over all questions affecting only individual class members. Among the questions of law and fact common to the Class are whether Sprint violated the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.*, and whether Plaintiff and members of the Class are entitled to damages;

(c)    the representative party will fairly and adequately protect the interests of the Class and he has retained counsel to represent him in this action who are experienced in class-action litigation; and

(d)    a class action is an appropriate method for the fair and efficient resolution of the controversy.

### COUNT I

(Consumer Fraud and Deceptive Business Practices Act)

35.    Plaintiff brings Count I on behalf of the Class pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois Consumer Fraud Act"), 815 ILCS 505/1 *et seq.*, and the consumer fraud acts of each state in which either Defendant does business

(hereafter collectively referred to as "Consumer Fraud Acts").  Plaintiff seeks to recover damages arising out of Sprint's failure to disclose to its customers the proper remedy for avoiding dropped calls and for its inadequate dropped calls refund system.

36.    Section 2 of the Illinois Consumer Fraud Act states:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with the intent that others rely upon the concealment, suppression or omission of such material fact...in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.  The Consumer Fraud Acts of each state provide for similar relief.

37.    Sprint engaged in the following unfair and deceptive acts and practices, each of which on its own violated the Consumer Fraud Act:

(a)    Sprint intentionally concealed and suppressed from its customers that a software upgrade would reduce, if not eliminate, dropped calls;

(b)    Sprint intentionally misrepresented that the only remedy available for addressing dropped calls was a monetary refund system; and

(c)    Sprint intentionally concealed and suppressed from its customers that it had implemented a new dropped calls refund system.

38.    Sprint is engaged in trade or commerce as those terms are defined by the Consumer Fraud Acts.

39.    Sprint has engaged in a pattern and practice of violating the Consumer Fraud Acts by its acts complained of in paragraph 37, which constitute the employment of deception, fraud, false pretense, false promise, misrepresentation and by the concealment, suppression or omission of material facts, with the intent that Plaintiff and members of the Class rely upon the concealment, suppression or omission of such material facts.  Such misrepresentations and omissions of fact constitute violations of the Consumer Fraud Acts.

-7-

40.    Section 10a(a) of the Illinois Consumer Fraud Act provides, "Any person who suffers damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual damages or any other relief which the court deems proper." The Consumer Fraud Acts of the other states in which either Defendant does business provide for similar relief.

41.    As the direct and proximate result of the above-described violations of the Consumer Fraud Acts, Plaintiff and members of the Class suffered injury and economic loss.

WHEREFORE, David Welles, individually and on behalf of all others similarly situated, prays for judgment in his favor and against defendants SprintCom, Inc. and Sprint Spectrum L.P. as follows:

(a)    That the Court adjudge and decree that the present case may be properly maintained as a class action and appoint Bock & Hatch, LLC as Class counsel;

(b)    That the Court award Plaintiff and members of the Class damages, injunctive relief plus pre-judgment and post-judgment interest;

(c)    That the Court award Plaintiff and members of the Class punitive damages, attorney fees and costs; and

(d)    That the Court award such other and further relief as the Court may deem just and proper.

### Count II – Common Law Fraud

42.    Plaintiff incorporates paragraphs 1-41 as though fully set forth herein.

43.    Plaintiff brings Count II on behalf of the Class under a state common law fraud theory to recover damages arising out of Sprint's failure to disclose to its customers the proper remedy for avoiding dropped calls and for its inadequate dropped calls refund system.

44.    Sprint committed fraud through their deceptive and misleading acts described in paragraph 37 herein.

45.    Plaintiff and members of the Class relied on Sprint's misrepresentations or omissions. Such reliance was justified.

46.    Sprint intended to cause Plaintiff and members of the Class to rely on its statements or omissions.

47.    As a direct and proximate result of the above-described acts, Plaintiff and members of the Class suffered injury and economic loss.

WHEREFORE, David Welles, individually and on behalf of all others similarly situated, prays for judgment in his favor and against defendants SprintCom, Inc. and Sprint Spectrum L.P. as follows:

(a)    That the Court adjudge and decree that the present case may be properly maintained as a class action and appoint Bock & Hatch, LLC as Class counsel;

(b)    That the Court award Plaintiff and members of the Class damages, injunctive relief plus pre-judgment and post-judgment interest;

(c)    That the Court award Plaintiff and members of the Class punitive damages, attorney fees and costs; and

(d)    That the Court award such other and further relief as the Court may deem just and proper.

Respectfully submitted,

David Welles, individually and as
representative of a class of similarly situated
persons,

By: _____
    One of his attorneys

Phillip A. Bock
James M. Smith
BOCK & HATCH, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
Phone: (312) 658-5500
Fax: (312) 658-5555
**Attorney No.: 44355**

-10-

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 (            ) |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, <u>CHANCERY</u>             DIVISION

(Name all parties)

David Welles,
_____

v.

Sprint Spectrum L.P. d/b/a Sprint PCS Group, et al.
_____

No. <u>08 CH 20123</u>

Please serve: IL Corp. Service C
c/o SprintCom, Inc. d/b/a Sprint PCS
Group
801 Adlai Stevenson Drive
Springfield, IL 62703

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑  Richard J. Daley Center, 50 W. Washington, Room <u>802</u>_____, Chicago, Illinois 60602

| ☐ District 2 - Skokie | ☐ District 3 - Rolling Meadows | ☐ District 4 - Maywood |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ District 5 - Bridgeview | ☐ District 6 - Markham | ☐ Child Support |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: <u>44533</u>_____

Name: <u>BOCK & HATCH, LLC.</u>_____

Atty. for: <u>Plaintiff</u>_____

Address: <u>134 N. LaSalle Street, Suite 1000</u>_____

City/State/Zip: <u>Chicago, IL 60602</u>_____

Telephone: <u>312-658-5500</u>_____

Service by Facsimile Transmission will be accepted at: _____

WITNESS,_____ JUN - 9 2008

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)   (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



## CORPORATION SERVICE COMPANY

# Notice of Service of Process

SLM / ALL
**Transmittal Number: 5889809**
Date Processed: 07/08/2008

| | |
|---|---|
| Primary Contact: | Martha Mudd<br>Sprint Nextel Corporation<br>2001 Edmund Halley Drive<br>Reston, VA 20191 |

| | |
|---|---|
| **Entity:** | SprintCom, Inc.<br>Entity ID Number  1706861 |
| **Entity Served:** | SprintCom, Inc d/b/a Sprint PCS Group |
| **Title of Action:** | David Welles vs. Sprint Spectrum L.P. d/b/a Sprint PCS Group, |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court:** | Cook  Circuit  Court, Illinois |
| **Case Number:** | 08 CH 20123 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 07/08/2008 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Phillip A. Bock<br>312-658-5500 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, <u>CHANCERY</u> DIVISION

(Name all parties)

David Welles,

v.

Sprint Spectrum L.P. d/b/a Sprint PCS Group, et al.

No. <u>08 CH 20123</u>

Please serve: IL Corp. Service C
c/o Sprint Spectrum L.P. d/b/a Sprint
PCS Group
801 Adlai Stevenson Drive
Springfield, IL 62703

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room <u>802</u>, Chicago, Illinois 60602

| | | |
|---|---|---|
| ❑ District 2 - Skokie<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ❑ District 3 - Rolling Meadows<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ❑ District 4 - Maywood<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ❑ District 5 - Bridgeview<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ❑ District 6 - Markham<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | ❑ Child Support<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

JUN ~ 9 2008

Atty. No.: <u>44533</u>

Name: <u>BOCK & HATCH, LLC.</u>

Atty. for: <u>Plaintiff</u>

Address: <u>134 N. LaSalle Street, Suite 1000</u>

City/State/Zip: <u>Chicago, IL 60602</u>

Telephone: <u>312-658-5500</u>

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



CORPORATION SERVICE COMPANY'

## Notice of Service of Process

SLM / ALL
Transmittal Number: 5889868
Date Processed: 07/08/2008

| | |
|---|---|
| Primary Contact: | Martha Mudd<br>Sprint Nextel Corporation<br>2001 Edmund Halley Drive<br>Reston, VA 20191 |

| | |
|---|---|
| Entity: | Sprint Spectrum L.P.<br>Entity ID Number 1653652 |
| Entity Served: | Sprint Spectrum L.P. d/b/a Sprint PCS Group |
| Title of Action: | David Welles vs. Sprint Spectrum L.P. d/b/a Sprint PCS Group, |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Cook Circuit Court, Illinois |
| Case Number: | 08 CH 20123 |
| Jurisdiction Served: | Illinois |
| Date Served on CSC: | 07/08/2008 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Phillip A. Bock<br>312-658-5500 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

DAVID WELLES, Individually and as          )
Representative of a Class of Similarly Situated   )
Persons,                                    )
                                           )
                    Plaintiff,             )    Civil Action No.
                                           )
v.                                         )
                                           )
SPRINTCOM INC. and SPRINT SPECTRUM         )
L.P., d/b/a SPRINT PCS GROUP,              )
                                           )
                    Defendants.            )

## DECLARATION OF MICHAEL MANNINO

I, Michael Mannino, being of lawful age, under penalty of perjury state as follows:

1.      I am employed by Sprint/United Management Company.  My title is Billing Analyst I.  I have first-hand knowledge of the facts stated below, from my work with Sprint's wireless telecommunications billing system and my review of billing and other business records of Sprint.

2.      Sprint currently uses a billing system called Ensemble for its wireless telecommunications customers.  Based on data maintained in the Ensemble billing system, Sprint had, as of July 22, 2008, a minimum of 692,860 billing account numbers ("BANs") with Illinois billing addresses for customers using Sprint's CDMA wireless network.  These are broken down as follows:

| | |
|---|---|
| 548,747 | active |
| 116,626 | closed |
| 27,324 | suspended |
| 163 | temporary |
| 692,860 | TOTAL |

Exhibit B

2354423.01

3.    The likely number of subscribers in Illinois is actually higher than this, because in many cases there are more than one subscriber included within each billing account number. For example, if an account holder has two or three Sprint CDMA handsets on his account, there would be one BAN, but two or three subscribers using those handsets.

4.    Before the fourth quarter of 2006, Sprint primarily used a billing system for its wireless CDMA customers called Precedent 2000 or P2K. Beginning in the 4th quarter of 2006, Sprint began establishing accounts for its CDMA customers in the Ensemble billing system and converting existing accounts from P2K to Ensemble. The numbers contained herein do not include those Sprint wireless subscribers in Illinois who were included in the P2K billing system before the 4th quarter of 2006 and whose accounts have not been converted to Ensemble.

*Michael J Mannino*

Michael Manning

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

DAVID WELLES, Individually and as )
Representative of a Class of Similarly Situated )
Persons, )
                           ) Civil Action No.
              Plaintiff, )
v. )
               )
SPRINTCOM INC. and SPRINT SPECTRUM )
L.P., d/b/a SPRINT PCS GROUP, )
              )
              Defendants. )
              )

### DECLARATION OF JAMES T. BAILEY

I, James T. Bailey, being of lawful age, under penalty of perjury state as follows:

1.       I am employed by Sprint/United Management Company. My title is Billing Analyst I. I have first-hand knowledge of the facts stated below, from my work with Sprint's wireless telecommunications billing system and my review of billing and other business records of Sprint.

2.       Prior to the 4th quarter of 2006, Sprint primarily used a billing system called Precedent 2000 or P2K for its CDMA wireless communications subscribers. As of the end of 2006, Sprint had in Illinois 1,014,334 active CDMA wireless telecommunications customers, and 2,327,531 customers who had at some point in time canceled their Sprint CDMA wireless service. As of December 31, 2007, Sprint had 610,634 active subscribers in Illinois and 2,712,676 canceled subscribers in Illinois.

3.       Since the end of 2007, most of the active subscribers of Sprint's CDMA wireless service in Illinois have been migrated to the Ensemble billing system, where they would appear as active subscribers. On the P2K database, there are 2,762,151 canceled subscribers in Illinois as of June 30, 2008.

8/6/2008                                                          *Exhibit C*
DATE                           JAMES T. BAILEY

2354725.01

# EXHIBIT D

## In The Matter Of:

*DAVID WELLES    v.*
*SPRINT SPECTRUM L.P., ET AL*

---

*DAVID WELLES*
*April 13, 2001*

---

*ESQUIRE DEPOSITION SERVICES - CHICAGO*
*http://www.esquirecom.com*
*155 NORTH WACKER DRIVE*
*10th FLOOR*
*CHICAGO, IL  US  60606*
*(312) 782-8087     FAX: (312) 704-4950*

*Original File WEDA0413.WEL, 112 Pages*
*Min-U-Script® File ID: 3159149143*

Exhibit D

## Word Index included with this Min-U-Script®

DAVID WELLES    v.                                    DAVID WELLES
SPRINT SPECTRUM L.P., ET AL                          April 13, 2001

---

Page 97

[1] (WHEREUPON, a discussion was had
[2] off the record.)
[3]                     BY MR. TILTON:
[4] Q: Mr. Welles, besides Ms. Zechman from
[5] CBS Channel 2, have you had any conversations
[6] with any other media types about your PCS phone
[7] complaints?
[8] A: No.
[9] Q: I'm probably going to mark it as an
[10] exhibit, but I received a copy of your 1998 tax
[11] returns. Did you file a return for 1999?
[12] A: Yes.
[13] Q: Do you have copies of those?
[14] A: With me, no.
[15] Q: No, I just —
[16] A: Yes. Yes.
[17] Q: I mean, you've retained a copy?
[18] A: Uh-huh.
[19] Q: And have you completed your 2000 return
[20] yet?
[21] A: No.
[22] Q: Do you plan on filing it by Monday, or
[23] are you going to be seeking an extension?
[24] A: I have an extension.

---

Page 98

[1] Q: The dropped calls you experienced with
[2] your Sprint PCS phone, do you recall — I'm not
[3] asking geographically where you were, but do you
[4] recall where you were, like were you in a
[5] building or in a car or outside when you
[6] experienced these drops?
[7] A: Generally, I would say my car.
[8] Q: Okay. So if I understand correctly,
[9] the majority of the dropped calls you experienced
[10] were while you were driving your car?
[11] MR. DIAB: Objection. Misconstrues his
[12] prior testimony. He said generally. And I may
[13] be nitpicking on that, but —
[14] MR. TILTON: You are.
[15] MR. DIAB: — subject to that ...
[16]                   BY THE WITNESS:
[17] A: Again, I use the phone the most times
[18] in my car, so I would assume the most dropped
[19] calls occurred while I was in my car, yes.
[20]                   BY MR. TILTON:
[21] Q: That was my next question, thank you.
[22] Do you have any — sitting here today,
[23] do you have any recollection or understanding of
[24] the number of dropped calls for which you have

---

Page 99

[1] not been compensated by Sprint PCS?
[2] A: Specifically, no.
[3] Q: Or the minutes, the value in minutes,
[4] of the dropped calls that you have not been
[5] compensated for?
[6] A: Specifically, no.
[7] Q: How about in general terms?
[8] A: What do you mean by "general"?
[9] Q: Well, you're saying specifically. And
[10] so I'm just assuming that the — something a
[11] little more ...
[12] A: Generally I can say, you know, I
[13] dropped 300 minutes a month. I mean —
[14] Q: You think you dropped 300 minutes a
[15] month?
[16] A: Generally, I can say.
[17] Q: Approximately?
[18] A: I can't be specific. You know, I can
[19] give you a parameter between 1 and 300.
[20] Q: That's fair. So you think you had
[21] between 1 and 300 minutes of dropped calls per
[22] month when you were on Sprint PCS service prior
[23] to the software upgrade?
[24] A: I would actually say it's probably

---

Page 100

[1] between 15 and 300.
[2] Q: All right. And then after the software
[3] upgrade, do you have any approximation of how
[4] many minutes of dropped calls you had per month?
[5] A: Approximately I would say less than 25.
[6] Q: Okay. That's fair. Do you have any
[7] recollection of changing phones, getting a new
[8] phone in November of 2000?
[9] A: November of 2000?
[10] Q: Yes. Just, you know, five, six months
[11] ago?
[12] A: No. I went into the store to get a new
[13] phone, and they plugged my phone into some
[14] machine because I was complaining about the
[15] phone. And I thought it was the phone that was
[16] why I was dropping the calls. And they plugged
[17] it into a machine and said I needed a software
[18] upgrade.
[19] Q: So is this when you went in and spoke
[20] with Mr. Domingo?
[21] A: Yes.
[22] Q: So you were looking to get a new phone
[23] when Mr. Domingo told you that you needed a
[24] software upgrade?

---

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| David Welles, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| Sprint Spectrum L.P., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## DECLARATION OF PAUL J. HERMON

I, Paul J. Hermon, declare under penalty of perjury that the foregoing is true and correct:

1.    I am the Manager of Customer Insights and Planning for Sprint Spectrum L.P.  In this role, I have personal knowledge of the facts described below.  I am over the age of 18 and am not a party to this action.

2.    The current average length of time a CDMA customer stays with Sprint Spectrum L.P. is 39 months.

_8/5/08_
Date

_____
PAUL J. HERMON

Exhibit E

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT FOR THE
NOTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID WELLES, Individually and as Representative of a Class of Similarly Situated Persons, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| vs. | ) ) | |
| SPRINTCOM INC. and SPRINT SPECTRUM L.P., d/b/a SPRINT PCS GROUP, | ) ) ) ) | |
| Defendants. | ) | |

## NOTICE TO PLAINTIFF OF FILING OF NOTICE OF REMOVAL

To:     Phillip A. Bock
        James M. Smith
        Bock & Hatch LLC
        134 N. LaSalle Street, Suite 1000
        Chicago, Illinois 60602
        Phone: (312) 658-5500
        Fax: (312) 658-5555
        Attorneys for Plaintiff

Please take notice that on the 7th day of August, 2008, Sprint Spectrum L.P. and

SprintCom, Inc., named as defendants in the above-entitled cause, filed a Notice of Removal of

Civil Action, a copy of which is attached hereto, in the United States District Court for the

Northern District of Illinois.

You are also advised that after filing the Notice in the United States District Court for the

Northern District of Illinois, Defendant also filed a copy with the Circuit Court of Cook County,

Illinois, Chancery Division, to effect removal pursuant to 28 U.S.C. §§ 1441 *et seq.*

Respectfully Submitted,

*Exhibit F*

BARACK, FERRAZZANO,
KIRSCHBAUM & NAGELBERG


*s/ Mark S. Bernstein*
MARK S. BERNSTEIN
200 West Madison Street, Suite 3900
Chicago, Illinois 60606
(312) 984-3214
(312) 984-3220 Facsimile

and

SHUGHART THOMSON & KILROY, P.C.
RUSSELL S. JONES, Jr.
Twelve Wyandotte Plaza
120 West 12th Street, Suite 1600
Kansas City, Missouri 64105
(816) 421-3355
(816) 374-0509 Facsimile

ATTORNEYS FOR DEFENDANTS
SPRINT SPECTRUM L.P. and
SPRINTCOM INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2008, a true and correct copy of the foregoing document was hand-delivered, to:

> Phillip A. Bock
> James M. Smith
> Bock & Hatch LLC
> 134 N. LaSalle Street, Suite 1000
> Chicago, Illinois 60602
> Phone:  (312) 658-5500
> Fax: (312) 658-5555
> Attorneys for Plaintiff
> Attorney No. 44355

> _s/  Mark S.  Bernstein_
> ATTORNEY FOR DEFENDANTS

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT FOR THE
NOTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID WELLES, Individually and as Representative of a Class of Similarly Situated Persons,<br><br>                  **Plaintiff,**<br><br>**vs.**<br><br>SPRINTCOM INC. and SPRINT SPECTRUM L.P., d/b/a SPRINT PCS GROUP,<br><br>               **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. |

## CERTIFICATE OF FILING OF NOTICE OF REMOVAL
## IN STATE COURT AND PROOF OF SERVICE

**PLEASE TAKE NOTICE** that:  (1) a Notice to State Court of Filing of Notice of Removal attaching a copy of the Notice of Removal of Civil Action and the pleadings and documents attached thereto was filed in the Circuit Court of Cook County, Illinois, Chancery Division in the action bearing Case No. 08CH20123 on the 7th day of August, 2008; and (2) a full and complete copy of the Notice to State Court of Filing of Notice of Removal and a Notice to Plaintiffs of Filing of Notice of Removal was sent via hand delivery to Phillip A. Bock, 134 N. LaSalle Street, Suite 1000, Chicago, IL 60602, on the 7th day of August, 2008.

                                  BARACK, FERRAZZANO,
                                  KIRSCHBAUM & NAGELBERG LLP

                                  *s/ Mark S. Bernstein*
                                  MARK S. BERNSTEIN
                                  200 West Madison Street, Suite 3900
                                  Chicago, Illinois  60606
                                  (312) 984-3214
                                  (312) 984-3220 Facsimile

                                  and

2354359.01

SHUGHART THOMSON & KILROY, P.C.
RUSSELL S. JONES, Jr.
Twelve Wyandotte Plaza
120 West 12th Street, Suite 1600
Kansas City, Missouri  64105
(816) 421-3355
(816) 374-0509 Facsimile

ATTORNEYS FOR DEFENDANTS
SPRINT SPECTRUM L.P. and
SPRINTCOM INC.

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2008, a true and correct copy of the foregoing document was hand-delivered, to:

Phillip A. Bock
James M. Smith
Bock & Hatch LLC
134 N. LaSalle Street, Suite 1000
Chicago, Illinois 60602
Phone: (312) 658-5500
Fax: (312) 658-5555
Attorneys for Plaintiff
Attorney No. 44355


_s/ Mark S. Bernstein_
ATTORNEY FOR DEFENDANTS