### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID WELLES, Individually and as a Representative of a Class of Similarly Situated Persons,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **Case No. 08-CV-4463** |
| **vs.** | ) ) ) | **Judge Kennelly** |
| **SPRINTCOM INC. and SPRINT SPECTRUM L.P., d/b/a SPRINT GROUP,** | ) ) ) ) | **Magistrate Judge Denlow** |
| **Defendants.** | ) ) ) | |

### SPRINT SPECTRUM L.P. AND SPRINTCOM INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
### CLASS ACTION COMPLAINT

Defendants Sprint Spectrum L.P. and SprintCom Inc. ("Defendants") hereby submit their

Answer and Affirmative Defenses to Plaintiff's Class Action Complaint:

### PRELIMINARY STATEMENT

1.　　Plaintiff asserts claims for common law fraud and brings this action under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and the consumer fraud acts of each state in which either Defendant does business. Plaintiff seeks classwide relief for Sprint's failure to disclose to its customers the proper remedy for avoiding dropped calls.

**ANSWER:** Defendants admit that plaintiff's action purports to seek class wide relief, but

deny that it is appropriate. All remaining allegations of this paragraph are denied.

2.　　Dropped calls are calls that are involuntarily disconnected by the Sprint network.

**ANSWER:** Defendants admit that some but not all wireless calls that are involuntarily

disconnected while a user is on the Sprint wireless network are called dropped calls. Otherwise, the

allegations in this paragraph are denied.

3.      Each cellular phone Sprint sells to its customers is installed with software that makes it compatible with the Sprint PCS network. When Sprint updates its network, however, the cellular phones it sold prior to the update become less compatible with the Sprint PCS network.

**ANSWER:** Defendants admit that the phones sold to Sprint wireless customers are compatible with the Sprint PCS network, and that such phones contain software. All remaining allegations in this paragraph are denied.

4.      Dropped calls result in part because the cellular phones Sprint sells to its customers become less compatible with the Sprint PCS network.

**ANSWER:** Denied.

5.      At all relevant times, Sprint knew that a software upgrade to its customers' cellular phones would reduce the amount of dropped calls its customers' experienced.

**ANSWER:** Denied.

6.      Rather than inform its customers of the remedy to the dropped calls problem, Sprint offered its customers a monetary settlement for dropped calls, but only if the Sprint customer contacted Sprint for the settlement.

**ANSWER:** Defendants admit that Sprint PCS has had over the years various policies for the issuance of air-time credits for dropped calls and for disputed charges on invoices, many but not all of which require the customer to contact Sprint PCS. All remaining allegations of this paragraph are denied.

7.      Each settlement method Sprint offered was insufficient and intentionally designed to discourage customers from actually using it.

**ANSWER:** Denied.

8.      At all relevant times, Sprint only provided its customers with a telephone software upgrade if its customers discovered on their own that dropped calls were caused by the failure to upgrade software previously installed in the telephone and if their customers insisted upon the upgrade.

**ANSWER:** Denied.

9.      Sprint, however, intentionally failed to provide its customers with adequate notice of and concealed information about the software upgrades and, as a result, Sprint customers experienced and continued to experience a higher frequency of dropped calls.

2

**ANSWER:** Denied.

## JURISDICTION AND VENUE

10.    Jurisdiction is conferred by 735 ILCS 5/2-209 in that Sprint has transacted business, committed tortious acts related to the matters complained of herein and made or performed contracts substantially connected with this state.

**ANSWER:** Defendants admit they transact business in Illinois. All remaining allegations in

this paragraph are denied.

11.    Venue is proper in this county pursuant to 735 ILCS 5/2-101 *et seq.* because Sprint has offices (in the form of retail stores) and is doing business in this county and because the transactions or parts thereof as alleged herein occurred in this county.

**ANSWER:** Defendants admit that they do business in Cook County, Illinois. All remaining

allegations in this paragraph are denied.

12.    Federal jurisdiction over this action does not exist because no federal question is asserted and the matter in controversy is less than $5,000,000 exclusive of interest and costs. Plaintiff expressly disclaims any recovery in excess of $5,000,000, exclusive of interest and costs. Plaintiff alleges an Illinois-only class. Plaintiff's state law causes of action are not federally preempted because those claims do not in any way address the regulation of rates and market entry for mobile telephone service. Plaintiff's state law causes of action mandate that this action be heard in an Illinois state forum.

**ANSWER:** Defendants admit that plaintiff "alleges an Illinois-only class." All remaining

allegations in this paragraph are denied.

## PARTIES

13.    Plaintiff Welles was at all relevant times a resident of Cook County, Illinois and is one of numerous class members who entered into service plans with Sprint to provide wireless personal communications services.

**ANSWER:** Defendants admit on information and belief that plaintiff is a resident of Cook

County, Illinois, that he was at one time a Sprint wireless subscriber, and that Sprint has had over the

years numerous wireless personal communications service customers. All remaining allegations in

this paragraph are denied.

14.    Defendant SprintCom, Inc. d/b/a Sprint PCS Group is a Kansas Corporation doing business in Cook County, Illinois.

**ANSWER:** Admitted.

15.    Defendant Sprint Spectrum L.P. is a Delaware corporation that provides services to and, therefore, transacts business with residents of Cook County.

**ANSWER:** Defendants deny that Sprint Spectrum L.P. is a corporation, but admit that

Sprint Spectrum L.P. does business in Cook County, Illinois. All remaining allegations of this

paragraph are denied.

16.    Sprint advertises that it has a nationwide network to provide wireless personal communications services in 280 major metropolitan markets and its PCS coverage will eventually include a population of nearly 260 million users.

**ANSWER:** Defendants admit that Sprint built the only all-digital, all PCS nationwide

network from the ground up for clearer calls, serving more than 300 major metropolitan areas. All

remaining allegations of this paragraph are denied.

## FACTS

17.    On or about October 1999, Plaintiff entered into a service plan with Sprint. Plaintiff paid valuable consideration for Sprint to provide him with its personal communications services. Plaintiff selected Sprint and the Sprint PCS network based on Sprint's representation that Plaintiff, and any Sprint customers, could make and receive calls from anywhere within the Sprint PCS network.

**ANSWER:** Defendants admit on information and belief that plaintiff activated his service

with Sprint on or about November 1, 1999, and that plaintiff alleges to have made his selection of

Sprint upon representations that he could make and receive calls from anywhere within the Sprint

network. Defendants lack knowledge sufficient to form a belief as to the truth of that allegation, and

it is therefore denied. All remaining allegations of this paragraph are denied.

18.    At the time Plaintiff entered into the Sprint service plan, no Sprint representative mentioned dropped calls and no Sprint representative informed Plaintiff of the appropriate remedy for reducing or eliminating dropped calls.

**ANSWER:** Denied.

19.    Plaintiff began experiencing dropped calls shortly after he started using the Sprint PCS network.

**ANSWER:** Defendants lack knowledge sufficient to form a belief as to the truth of this allegation, and it is therefore denied.

20.    When Plaintiff and Sprint's other customers experienced dropped calls, the connection time for which customers were charged was rounded up to the next full minute. Plaintiff and the other Sprint customers then were required to use additional system minutes to reinitiate the dropped calls.

**ANSWER:** Defendants admit that Sprint PCS utilizes whole-minute billing for all calls, and that it is not unlikely that many Sprint wireless customers, like customers of all wireless telecommunications carriers, have experienced some dropped calls. All remaining allegations of this paragraph are denied.

21.    As a result, the purported connection time for which Plaintiff and the other Sprint customers were charged exceeded the actual connection time during which the Sprint customer could actually communicate.

**ANSWER:** Denied.

22.    Plaintiff complained to Sprint about the occurrence of dropped calls. Sprint's response to complaints was to refund Plaintiff and other customers for the dropped calls each month based upon the number of dropped calls experienced during the billed month. Sprint, however, refunded Plaintiff for dropped calls only if he contacted Sprint and asked for the refund.

**ANSWER:** Defendants admit that plaintiff complained to Sprint about dropped calls and that he received credits and other consideration from Sprint. All remaining allegations in this paragraph are denied.

23.    On each occasion that Plaintiff sought a refund from Sprint, Sprint failed to disclose that a free software upgrade would reduce, if not eliminate, dropped calls.

**ANSWER:** Denied.

24.    On or after March 1, 2001, Sprint changed its method of refunding Plaintiff and its other customers for dropped calls.

**ANSWER:** Sprint admits that at various times over the years it has offered its wireless customers a number of methods of obtaining credits for dropped calls. The specific allegation that Sprint changed from one method to another on or after March 1, 2001, is denied for lack of knowledge.

25.    Sprint did not adequately inform Plaintiff or its other customers of the change until after it was implemented.

**ANSWER:** Denied.

26.    When Plaintiff and other Sprint customers sought a refund under the only method with which they were familiar, Sprint refused to refund them under that method.

**ANSWER:** Denied.

27.    Because Sprint failed to adequately notify Plaintiff and its other customers of its new method of issuing refunds for dropped calls, Plaintiff and other Sprint customers were never issued refunds and, thus, were damaged.

**ANSWER:** Denied.

28.    Sprint's dropped call refund system it implemented on or after March 1, 2000 required Plaintiff and each Sprint customer to dial *2 on the cellular phone after each dropped call and follow the prompts. The process was and continues to be long and ineffective, and it provides Sprint customers with inadequate refunds.

**ANSWER:** Defendants admit that one method of obtaining air-time credit was, for a time, for the customer to dial *2 on their Sprint PCS phone. All remaining allegations of this paragraph are denied.

29.    During the ensuing several months, Sprint failed to disclose that a software upgrade would reduce, if not eliminate, dropped calls.

**ANSWER:** Denied.

30.    Because Sprint failed to adequately notify Plaintiff and its other customers of the software upgrade available to them, Plaintiff and other Sprint customers continued to experience increased dropped calls and, thus, were damaged.

**ANSWER:** Denied.

31.    On or after September 2000, Sprint, through a Sprint PCS store employee and agent, informed Plaintiff that he could reduce the number of dropped calls by obtaining a software upgrade on his phone.

**ANSWER:** Defendants lack knowledge sufficient to form a belief as to the truth of the

allegations in this paragraph, and they are therefore denied.

32.    After receiving the software upgrade, Plaintiff experienced a dramatic reduction in the number and frequency of dropped calls.

**ANSWER:** Defendants lack knowledge sufficient to form a belief as to the truth of the

allegations in this paragraph, and they are therefore denied.

## CLASS ALLEGATIONS

33.    Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of the following class of persons ("Class"):

> All persons in Illinois, who entered into a service agreement with Sprint for personal communications services, selected a telephone that qualified for software upgrades, and experienced dropped calls.

**ANSWER:** Defendants admit that plaintiff purports to bring this action on behalf of a class

as defined, but denies that this action is appropriate for class treatment. All remaining allegations in

this paragraph are denied.

34.    A class action is proper in that:

(a)    on information and belief, the Class consists of millions of persons who reside throughout Illinois only and, thus, is so numerous that joinder of all members is impracticable;

(b)    there are questions of fact or law common to the Class, which common questions predominate over all questions affecting only individual class members. Among the questions of law and fact common to the Class are whether Sprint violated the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.*, and whether Plaintiff and members of the Class are entitled to damages;

(c)    the representative party will fairly and adequately protect the interests of the Class and he has retained counsel to represent him in this action who are experienced in class-action litigation; and

(d)     a class action is an appropriate method for the fair and efficient resolution of the controversy.

**ANSWER:** Defendants admit that the purported class as defined contains millions of

persons.  All remaining allegations in this paragraph are denied.

## COUNT I
## (CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT)

35.     Plaintiff brings Count I on behalf of the Class pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois Consumer Fraud Act"), 815 ILCS 505/1 *et seq.*, and the consumer fraud acts of each state in which either Defendant does business (hereafter collectively referred to as "Consumer Fraud Acts").  Plaintiff seeks to recover damages arising out of Sprint's failure to disclose to its customers the proper remedy for avoiding dropped calls and for its inadequate dropped calls refund system.

**ANSWER:** Defendants admit that plaintiff purports to bring this action pursuant to the

Illinois Consumer Fraud and Deceptive Business Practices Act.  All remaining allegations in this

paragraph are denied.

36.     Section 2 of the Illinois consumer Fraud Act states:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with the intent that others rely upon the concealment, suppression or omission of such material facts...in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

**ANSWER:** This paragraph alleges a legal conclusion to which no answer is required, and

therefore, Defendants deny the same.

37.     Sprint engaged in the following unfair and deceptive acts and practices, each of which on its own violated the Consumer Fraud Act:

(a)     Sprint intentionally concealed and suppressed from its customers that a software upgrade would reduce, if not eliminate, dropped calls;

(b)     Sprint intentionally misrepresented that the only remedy available for addressing dropped calls was a monetary refund system; and

(c)     Sprint intentionally concealed and suppressed from its customers that it had implemented a new dropped calls refund system.

**ANSWER:** Denied.

38. Sprint is engaged in trade or commerce as those terms are defined by the Consumer Fraud Acts.

**ANSWER:** Defendants admit that they engage in the interstate provision of wireless telecommunications services. Defendants deny as a legal conclusion the allegation that their conduct is "trade or commerce as those terms are defined by the Consumer Fraud Acts."

39. Sprint has engaged in a pattern and practice of violating the Consumer Fraud Acts by its acts complained of in paragraph 37, which constitute the employment of deception, fraud, false pretense, false promise, misrepresentation and by the concealment, suppression or omission of material facts, with the intent that Plaintiff and members of the Class rely upon the concealment, suppression or omission of such material facts. Such misrepresentations and omissions of fact constitute violations of the Consumer Fraud Acts.

**ANSWER:** Denied.

40. Section 10a(a) of the Illinois Consumer Fraud Act provides, "Any person who suffers damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual damages or any other relief which the court deems proper." The Consumer Fraud Acts of the other states in which either Defendant does business provide for similar relief.

**ANSWER:** This Paragraph alleges a legal conclusion to which no answer is required, and therefore, Defendants deny the same, and note that the Consumer Fraud Acts of other states aside from Illinois are irrelevant given that plaintiff has sought certification of an Illinois-only class.

41. As the direct and proximate result of the above-described violations of the Consumer Fraud Acts, Plaintiff and members of the Class suffered injury and economic loss.

**ANSWER:** Denied.

## COUNT II
## (COMMON LAW FRAUD)

42. Plaintiff incorporates paragraphs 1-41 as though fully set forth herein.

**ANSWER:** Defendants' responses to paragraphs 1-41 are incorporated herein by reference.

43.      Plaintiff brings Count II on behalf of the Class under a state common law fraud theory to recover damages arising out of Sprint's failure to disclose to its customers the proper remedy for avoiding dropped calls and for its inadequate dropped calls refund system.

**ANSWER:** Defendants admit that plaintiff purports to bring Count II pursuant to a state common law fraud theory.  All remaining allegations of this paragraph are denied.

44.      Sprint committed fraud through their deceptive and misleading acts described in paragraph 37.

**ANSWER:** Denied.

45.      Plaintiff and members of the Class relied on Sprint's misrepresentations or omissions. Such reliance was justified.

**ANSWER:** Denied.

46.      Sprint intended to cause Plaintiff and members of the Class to rely on its statements or omissions.

**ANSWER:** Denied.

47.      As a direct and proximate result of the above-described acts, Plaintiff and members of the Class suffered injury and economic loss.

**ANSWER:** Denied.

## GENERAL DENIAL

1.      Any allegations not specifically admitted herein are denied.

### FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff's Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's claims for class action treatment and class relief should be dismissed because plaintiff has not made allegations that, if true, would support the certification of the class.

### THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff's Complaint fails to state with particularity those circumstances constituting either common law fraud or violations of the Illinois Consumer Fraud Act.

### FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff cannot recover any damages, nor does he or his putative class have any remedies against defendants, beyond those specifically provided for in the agreements between Sprint and plaintiff or each member of the purported class.  Those agreements contain valid and enforceable provisions limiting defendants' liabilities and the remedies that a customer may have against Sprint, including limitations or exclusions of liability for interruption of services; waiver of the right to seek, participate in or maintain a class action; mandatory submission of disputes to arbitration; and waiver of the right to a trial by jury.

### FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiff's claims for damages are barred, in whole or in part, by plaintiff's failure to mitigate such damages.  Under his contract he should have, but chose not to, dispute his charges within fifteen (15) days of receiving his invoices; he could have, but chose not to, seek air-time credits for any dropped calls within twenty-four (24) hours; and he could have, but chose not to, canceled his Sprint service.

### SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff's claims are barred by the doctrine of accord and satisfaction because he has contractual remedies for disputing charges, obtaining air-time credits, or otherwise canceling his service.  He has either accepted these remedies, or he has elected to not accept them.

## SEVENTH AFFIRMATIVE DEFENSE

7.    Plaintiff's claims are barred or limited by the doctrine of voluntary payment. He was aware of the alleged dropped calls, and that they appeared on his bill, but he chose to pay his bill anyway without appropriate protest.

## EIGHTH AFFIRMATIVE DEFENSE

8.    Plaintiff has waived any claim that he may have against defendants by continuing to use his Sprint service, by not disputing his charges, and by not seeking air-time credits as required by the Terms and Conditions governing plaintiff's service.

## NINTH AFFIRMATIVE DEFENSE

9.    Plaintiff has no standing, and is not an adequate representative to his proposed class because he is subject to unique defenses and, among other reasons, his claims and allegations about a software upgrade improving the performance of his phone is not and could not be true.

## TENTH AFFIRMATIVE DEFENSE

10.    Plaintiff's claims and the claims of the purported class are preempted by the Telecommunications Act of 1996, and any claim that plaintiff or the class members may have must be pleaded and adjudicated exclusively under that Act, not state law.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    Defendants reserve the right to assert any additional defenses that may become appropriate as this action progresses.

WHEREFORE, defendants Sprint Spectrum L.P. and SprintCom Inc. respectfully request this Court to enter judgment in their favor and against plaintiff; to deny certification of a class; to award Sprint costs and reasonable attorneys' fees; and for such other and further relief as the Court may deem just and proper.

Dated:  August 14, 2008                          Respectfully submitted,

                                                 BARACK, FERRAZZANO,
                                                 KIRSCHBAUM & NAGELBERG LLP

                                                  s/ Mark S. Bernstein
                                                 MARK S. BERNSTEIN
                                                 200 West Madison Street, Suite 3900
                                                 Chicago, Illinois  60606
                                                 (312) 984-3214
                                                 (312) 984-3220 Facsimile

                                                 and

                                                 SHUGHART THOMSON & KILROY, P.C.
                                                 RUSSELL S. JONES, Jr.
                                                 Twelve Wyandotte Plaza
                                                 120 West 12th Street, Suite 1600
                                                 Kansas City, Missouri  64105
                                                 (816) 421-3355
                                                 (816) 374-0509 Facsimile

                                                 ATTORNEYS FOR DEFENDANTS
                                                 SPRINT SPECTRUM L.P. and
                                                 SPRINTCOM INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2008, a true and correct copy of the foregoing document was filed with the Court's ECF system, which sent a copy to:

Phillip A. Bock
James M. Smith
Bock & Hatch LLC
134 N. LaSalle Street, Suite 1000
Chicago, Illinois 60602
Phone: (312) 658-5500
Fax: (312) 658-5555
Attorneys for Plaintiff
Attorney No. 44355


_s/ Mark S. Bernstein_____
ATTORNEY FOR DEFENDANTS