# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID WELLES, individually and as representative of a class of similarly situated persons, ) ) ) ) Plaintiff, ) ) vs. ) ) SPRINTCOM INC. and SPRINT ) SPECTRUM LP, ) ) Defendants. ) | Case No. 08 C 4463 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendants Sprintcom Inc. and Sprint Spectrum LP (collectively Sprint) removed this case to federal court from the Circuit Court of Cook County pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. §§ 1332(d)(2) & 1453. Plaintiff David Welles has moved to remand the case to state court on the ground that the case was commenced before February 18, 2007, CAFA's effective date. For the reasons stated below, the Court denies Welles' motion.

### Background

Welles' claim concerns consumer fraud allegedly committed by Sprint. He alleges that Sprint wireless customers experienced repeated problems with "dropped" calls for which they were charged. When this problem came to Sprint's attention, it made refunds, but only to customers who called to ask for a refund, and it allegedly failed to disclose the existence of a free software upgrade that would significantly

reduce the incidence of dropped calls.  Later Sprint allegedly changed its method of making refunds but failed to inform customers about this, and as a result some customers did not get refunds.

Welles originally filed suit in state court in 2001, and the case was litigated over a period of several years.  On May 7, 2008, the state court judge dismissed the case for want of prosecution after Welles' attorneys did not appear for a case management conference (they contend they did not receive proper notice of the conference).  The judge then denied their motion to reinstate the case.  On June 4, 2008, Welles filed a new complaint in state court, which was assigned a new docket number, reasserting the claims he had made in the original complaint (with some changes, but they are not significant for present purposes).

Welles filed the new complaint pursuant to an Illinois statute which reads, in its entirety, as follows:

> **Reversal or dismissal.**  In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue.

735 ILCS 5/13-217.  Under this statute, a plaintiff whose action is dismissed for want of

prosecution has an absolute right to reinstitute the dismissed claims against the same party, alleging the same claims, so long as he meets the statute's time limits (which Welles did). *See Flores v. Dugan*, 91 Ill. 2d 108, 112, 435 N.E.2d 480, 482 (1982). Because a plaintiff can reinstitute his case in this fashion, a dismissal for want of prosecution is not considered a final and appealable order in Illinois courts. *Id.*

When Welles first filed suit in state court, CAFA did not exist. As noted earlier, CAFA took effect in February 2007. It applies only to "civil action[s] commenced on or after the date of enactment of th[e] Act." Pub. L. No. 109-2, § 9, 119 Stat. 4, 13 (2005); *see Lott v. Pfizer, Inc.*, 492 F.3d 789, 791 (7th Cir. 2007). Unless CAFA applies to the present suit, it was not removable.

The dispute in this case concerns whether the case removed to this Court was "commenced" before CAFA's effective date or after. Illinois law controls the question of when the case was commenced. *See Pfizer, Inc. v. Lott,* 417 F.3d 725, 726 (7th Cir. 2005); *Buller Trucking Co. v. Owner Operator Independent Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 768, 775 (S.D. Ill. 2006).

Welles argues that because, as noted earlier, the dismissal for want of prosecution was a non-final, non-appealable order, the newly filed case cannot be said to have been "commenced" after February 2007. The Court disagrees. Section 13-217, the statute that permitted Welles to go forward with his claims even though his first suit had been dismissed for want of prosecution, does not say that a plaintiff may "refile" the dismissed suit, "reinstate" it, or anything of the sort. Rather, it says unambiguously that the plaintiff in the dismissed case "may commence a new action."

3

That is what Welles did when he filed the complaint in the case that has been removed here – as further confirmed by the fact that the case was assigned a brand new docket number, reflecting that it had been filed in 2008.

An action filed under section 13-217 "is a new action, not a reinstatement of the old action." *People v. Brown*, 374 Ill. App. 3d 385, 388, 871 N.E.2d 931, 934 (2007). Welles notes that *Brown* involved a voluntary dismissal, which under Illinois law may give rise to an appealable order, unlike a dismissal for want of prosecution. In the Court's view, this is a distinction without a difference. Reassertion of the dismissed claims in both types of situations is possible by virtue of section 13-217, which does not distinguish among the various types of dismissals that trigger a plaintiff's ability to "commence a new action."

In short, the language of the Illinois statute unambiguously provides that when a plaintiff decides to reassert his claims after a dismissal for want of prosecution, he commences a new action. Because Welles commenced the present suit after CAFA's effective date, CAFA applies, and the case was properly removable.

Welles also says that it would be a waste of the parties' and judicial resources to have to go back to square one in this case. The Court is confident that it has the authority under Federal Rule of Civil Procedure 16 to ensure that discovery taken in the earlier suit will not need to be redone. And although Welles expresses concern that admissions made in discovery answers in the prior suit are not binding under Illinois procedural rules, federal procedural rules govern cases pending in federal court. Finally, though Welles says that absent remand, "extensive motion practice would [have to] be done anew," Welles Reply at 5, it is at least arguable that preclusion rules or the

4

law of the case doctrine will prevent relitigation of matters previously determined in the state court litigation. In any event, the possibility that some issues may have to be revisited does not affect the removability of the case under CAFA.

**Conclusion**

For the reasons stated above, the Court denies plaintiff's motion to remand [docket no. 9].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 23, 2008